## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENNA CARDENAS, individually and on behalf of all others similarly situated, | Civil Action No.: 2:16-cv-02466 (JLL) (JAD) |
| Plaintiff, | |
| v. | |
| SPINNAKER RESORTS, INC., a Florida Corporation, | |
| Defendant. | **Motion Return Date:  July 3, 2017** |

---

### BRIEF IN SUPPORT OF DEFENDANT SPINNAKER RESORTS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION

---

Robert A. Assuncao
(robert.assuncao@ansalaw.com)
Steven F. Gooby
(steven.gooby@ansalaw.com)
**ANSA ASSUNCAO, LLP**
(A Pennsylvania Limited Liability Partnership)
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816
T: (732) 993-9850

Attorneys for Defendant
Spinnaker Resorts, Inc.

Dated: June 9, 2017

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION .................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................ 3

    A. Plaintiff's Complaint ..................................................................... 3

    B. Spinnaker Resorts, Inc. .................................................................. 4

    C. The Resort Sales Companies ........................................................... 5

    D. Spinnaker's Initial Motion to Dismiss ............................................. 6

LEGAL ARGUMENT ............................................................................... 9

    I.     Legal Standard on a Motion to Dismiss
           for Lack of Personal Jurisdiction ............................................. 9

    II.    This Court Lacks General Jurisdiction
           Over Spinnaker Resorts, Inc. ................................................... 10

    III.   This Court Lacks Specific Jurisdiction
           Over Spinnaker Resorts, Inc. ................................................... 12

    IV.   This Court May Not Exercise Personal Jurisdiction Over Spinnaker
           Based on the Mere Existence of a Parent-Subsidiary Relationship. ........ 14

CONCLUSION ....................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Page(s)**

*Benitez v. JMC Recycling Sys., Ltd.*,
   97 F. Supp. 3d 576 (D.N.J. 2015) ...................................................................9, 10

*BNSF Ry. Co. v. Tyrrell*,
   __ S. Ct. __, 2017 WL 2322834 (2017) ..........................................................11

*Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A.*,
   962 F. Supp. 2d 723 (D.N.J. 2013) ...................................................................10

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ...................................................................................10, 11

*Erdman v. Union Pac. R.R.*,
   No. 15-5776, 2015 WL 7069659 (D.N.J. Nov. 13, 2015) .................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) .....................................................................................10, 11

*Isaacs v. Ariz. Bd. of Regents*,
   608 F. App'x 70 (3d Cir. 2015) .........................................................................10

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ..........................................................................................13

*Leo v. Kerr-McGee*,
   No. 93-1107, 1996 WL 254054 (D.N.J. May 10, 1996) ...................................14

*MaxLite, Inc. v. ATG Elecs., Inc.*,
   193 F. Supp. 3d. 371 (D.N.J. 2016) ..................................................................12

*Mellon Bank v. Farino*,
   960 F.2d 1217 (3d Cir. 1992) .............................................................................9

*Mesalic v. Fiberfloat Corp.*,
   897 F.2d 696 (3d Cir. 1990) ...............................................................................9

*Metcalfe v. Renaissance Marine, Inc.*,
   566 F.3d 324 (3d Cir. 2009) ..........................................................................9, 10

*Miller Yacht Sales, Inc. v. Smith*,
   384 F.3d 93 (3d Cir. 2004) .................................................................................9

*O'Connor v. Sandy Lane Hotel Co.*,
    496 F.3d 312 (3d Cir. 2007) ...............................................................13

*Oliver v. Funai Corp.*,
    No. 14-cv-04532, 2015 WL 9304541 (D.N.J. Dec. 21, 2015) ...........10

*Quality Int'l Packaging, LTD v. Chamilia Inc.*,
    No. 13-5235, 2014 WL 2465262 (D.N.J. May 30, 2014) ...................15

*Seltzer v. I.C. Optics, Ltd.*,
    339 F. Supp. 2d 601 (D.N.J. 2004) ....................................14, 15, 16

*Shaffer v. Heitner*,
    433 U.S. 186 (1977) ............................................................................12

*State, Dep't of Env't Prot. v. Ventron Corp.*,
    94 N.J. 473 (1983) ..............................................................................14

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ............................................................................13

## Other Authorities

Fed. R. Civ. P. 12(b)(2) .....................................................................1, 9

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................9

**INTRODUCTION**

Defendant Spinnaker Resorts, Inc. ("Spinnaker") respectfully submits this brief in support of its renewed Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

In this putative class action based solely on alleged violations of the Telephone Consumer Protection Act, Plaintiff Henna Cardenas alleges that she registered her landline telephone number on the federal "Do Not Call" registry, but subsequently received phone calls from telemarketers which Plaintiff alleges were made "by or on behalf of" Spinnaker "and/or their agent."

Spinnaker is a Florida corporation with its headquarters location in Hilton Head Island, South Carolina.  It is a real estate company with no employees. Spinnaker does not engage in telemarketing of potential customers in New Jersey or any other state.  Spinnaker is not licensed to do business in New Jersey, does not employ a sales or marketing staff in New Jersey, does not advertise and owns no property in New Jersey, and does not maintain an office or bank account here.

On July 8, 2016, Spinnaker filed its initial motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction.  By Order entered August 3, 2016, Plaintiff was permitted to conduct jurisdictional discovery to explore whether a basis exists for this Court to exercise personal jurisdiction over Spinnaker under agency principles.

More than nine months passed before jurisdictional discovery concluded on May 19, 2017.  During this extended time frame, Plaintiff had ample opportunity to address the jurisdictional questions she identified in her initial motion opposition about any oversight or knowledge by Spinnaker of the alleged calls, any control by Spinnaker over how the alleged calls were made, and other issues concerning Spinnaker's relationships—contractual and otherwise—with its subsidiaries. Plaintiff obtained jurisdictional discovery from Spinnaker, two of its non-party subsidiaries, and a non-party administrative services contractor.  This discovery confirmed the prior testimony of Spinnaker's corporate representative,[1] and answered all open jurisdictional questions: Spinnaker does not oversee, direct, or control telemarketing calls or how they are made.  Spinnaker is not in the telemarketing business.

Spinnaker does not have the constitutionally required presence in or contacts with New Jersey for this Court to exercise personal jurisdiction over it.  This Court's assertion of personal jurisdiction over Spinnaker would violate Spinnaker's constitutional rights by forcing it to defend a civil suit in a jurisdiction in which Spinnaker is not "at home" and with which it lacks minimum contacts, either directly or under agency principles.

---

[1]     *See* Declarations of Basil Matthews dated July 8, 2016 and July 25, 2016, previously filed as ECF No. 9-2 and ECF No. 11-2, respectively, which are refiled in support of this renewed Motion to Dismiss.

Because Plaintiff cannot meet her burden of establishing that Spinnaker is subject to personal jurisdiction in this Court, this action should be dismissed.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.    Plaintiff's Complaint.**

On May 2, 2016, Plaintiff filed her putative Class Action Complaint against Spinnaker.  (ECF No. 1).  Plaintiff alleges that she, and others similarly situated, registered their landline telephone numbers on the "National Do Not Call Registry" to avoid telemarketing calls, but subsequently received phone calls from telemarketers.  (*Id.*, ¶¶ 13; 20).  Plaintiff alleges that the "telemarketer always identifies themselves as calling from 'Spinnaker Resorts.'"  (*Id.*, ¶ 20).  Plaintiff claims that such calls were made "by or on behalf of" Defendant Spinnaker Resorts, Inc. "and/or their agent".  (*Id.*, ¶ 13; 33).  Plaintiff alleges that when she answered such calls, "a voice [] identified itself as representing Defendant Spinnaker."  (*Id.*, ¶ 22).  Based on these allegations, Plaintiff claims that Spinnaker violated the Telephone Consumer Protection Act, and that she represents two putative classes, a "No Consent-DNC Class" and a "Stop Calling Class". (*Id.*, ¶ 33).

Plaintiff alleges that Spinnaker is a "Florida Corporation with its headquarters in Hilton Head, South Carolina."  (*Id.*, ¶ 7).  Plaintiff alleges, and concludes without any further assertion of specific facts, that "[t]his Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this

District, solicits customers in this District, made and continues to make unsolicited calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District." (*Id*., ¶ 8). That is the beginning and end of Plaintiff's personal jurisdiction allegations.

## B.   Spinnaker Resorts, Inc.

Spinnaker is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Hilton Head Island, South Carolina. (Declaration of Basil W. Matthews dated July 8, 2016 ("Matthews Decl."), ¶ 6). Spinnaker is a real estate company that owns and sells time share property interests, engaging the services of wholly-owned subsidiaries to market those properties. (*Id*., ¶ 7). Spinnaker prepares and submits all required corporate filings to Florida. (Supplemental Declaration of Basil W. Matthews dated July 25, 2016 ("Matthews Supp. Decl."), ¶ 15).

Spinnaker does not have any employees. (Matthews Decl., ¶ 9). Spinnaker does not conduct telemarketing activities or make telephone calls to solicit sales from potential customers. (*Id*., ¶ 10). Spinnaker does not hire or contract with independent third party marketing vendors to conduct telemarketing activities. (*Id*., ¶ 11).

Spinnaker does not own property in New Jersey, it does not maintain an office or bank account in New Jersey, and it does not have a telephone number or a

telephone directory listing in New Jersey.  (*Id.*, ¶¶ 12; 14).  Spinnaker is not licensed to do business in New Jersey and does not have a registered agent there.  (*Id.*, ¶¶ 15-16).  Spinnaker does not transact business or advertise in New Jersey.  (*Id.*, ¶ 13; 17).  It does not pay taxes in or to New Jersey.  (*Id.*, ¶ 13).

## C.    The Resort Sales Companies

Resort Sales Missouri, Inc. and Resort Sales by Spinnaker, Inc. (collectively, the "Resort Sales Companies") are wholly-owned subsidiaries of Spinnaker that conduct all sales and telemarketing activities involving potential and new customers either themselves or through contracts with independent third-party vendors that perform marketing and telemarketing services.  (Matthews Supp. Decl., ¶ 7).

The Resorts Sales Companies maintain separate corporate and financial identities from their parent, Spinnaker.  (*Id.*, ¶ 9).  Spinnaker does not control the day-to-day operations or management of the Resort Sales Companies.  (*Id.*, ¶ 10).  The day-to-day operations and management of the Resort Sales Companies are headed by the Executive Director of Sales and Marketing of Resort Sales Missouri, Inc. and Resort Sales by Spinnaker, Inc.  (*Id.*, ¶ 11).  The Executive Director is not a corporate officer, employee or agent of Spinnaker.  (*Id.*)

The Resort Sales Companies make all their own personnel, marketing and management decisions.  (*Id.*, ¶ 12).  The Resort Sales Companies employ their own operating personnel.  (*Id.*, ¶ 13).  The Resort Sales Companies prepare and maintain

their own set of financial books, records and statements, have their own bank accounts, and have their own credit card merchant accounts.  (*Id*., ¶ 14).

Resort Sales Missouri, Inc., prepares and submits all required corporate filings to the State of Missouri, where it is incorporated.  (*Id*., ¶ 16).  Resort Sales by Spinnaker, Inc. prepares and submits all required corporate filings to the State of South Carolina, where it is incorporated.  (*Id*., ¶ 17).

**D.    Spinnaker's Initial Motion to Dismiss**

On July 8, 2016, Spinnaker filed a Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction.  (ECF No. 9).  On August 3, 2016, this Court entered an Opinion and Order denying Spinnaker's Motion to Dismiss without prejudice, permitting Plaintiff to conduct jurisdictional discovery, and providing Spinnaker with the right to refile after such discovery was completed.  (ECF Nos. 13 (Opinion), 14 (Order)).

This Court ruled that Plaintiff presented factual allegations that suggested it was possible that "personal jurisdiction may exist over Spinnaker via agency principles."  (ECF No. 13, at 8).  This Court agreed that Plaintiff could probe the issues of oversight and knowledge, if any, by Spinnaker over how the alleged calls were made and whether sufficient control existed by Spinnaker over its subsidiaries to meet Plaintiff's burden.  (*Id*., at 10-11).

On September 6, 2016, Plaintiff served Spinnaker with her First Set of Interrogatories and First Set of Requests to Produce.  (Declaration of Steven F. Gooby dated June 9, 2017 ("Gooby Decl."), ¶ 2).  On October 24, 2016, Spinnaker served its objections and responses to Plaintiff's jurisdictional discovery requests.  (*Id.*, ¶ 3).  On January 9, 2017, a discovery confidentiality order was entered.  (*Id.*, ¶ 4).  On February 14, 2017, Spinnaker produced documents responsive to Plaintiff's requests.  (*Id.*, ¶ 5).

On January 18, 2017, a telephonic discovery status conference was held before the Honorable Joseph A. Dickson, U.S.M.J.  (*Id.*, ¶ 6).  Judge Dickson set April 14, 2017, as the deadline for completing jurisdictional discovery.  (*Id.*, ¶ 7).

On February 22, 2017, Plaintiff served non-party Resort Sales Missouri, Inc. with deposition and document subpoenas.  (*Id.*, ¶ 8).  On February 23, 2017, Plaintiff served non-party Resort Sales by Spinnaker, Inc. with deposition and document subpoenas.  (*Id.*, ¶ 9).  On March 2 and 21, 2017, through their South Carolina counsel, the Resort Sales Companies responded to the subpoenas.  (*Id.*, ¶ 10).

On March 23, 2017, Plaintiff served non-party Southwind Management Corp. with a document subpoena.  (*Id.*, ¶ 11).  On March 31, 2017, through its South Carolina counsel, Southwind Management Corp. responded to the subpoena.  (*Id.*, ¶ 12).

On April 11, 2017, Judge Dickson conducted a second telephonic discovery status conference. (*Id.*, ¶ 13). At Plaintiff's request, the deadline for completing jurisdictional discovery was extended to May 19, 2017.[2] (ECF No. 24).

On April 28, 2017, following the execution of a Confidentiality Agreement between Plaintiff, Spinnaker, and the subpoenaed non-parties, Resort Sales Missouri, Inc., Resort Sales by Spinnaker, Inc. and Southwind Management Corp. each separately produced documents through their South Carolina counsel in response to Plaintiff's respective document subpoenas. (Gooby Decl., ¶ 14).

Plaintiff subpoenaed the depositions of corporate representatives for each of the Resort Sales Companies. (*Id.*, ¶ 15). Plaintiff did not conduct these depositions. (*Id.*). Nor did Plaintiff seek the deposition of a representative from either Spinnaker or Southwind Management Corp. (*Id.*, ¶ 16). Plaintiff did not conduct any depositions during the entirety of the nine-month jurisdictional discovery period.

Jurisdictional discovery concluded on May 19, 2017. Now, with jurisdictional discovery completed, Plaintiff bears the burden of demonstrating facts that support this Court's exercise of personal jurisdiction over Spinnaker; allegations are no longer enough.

---

[2]     The Court also set June 9, 2017, as the deadline for Spinnaker to file its renewed Motion to Dismiss for lack of personal jurisdiction. (ECF No. 24).

## LEGAL ARGUMENT

**I.    Legal Standard on a Motion to Dismiss for Lack of Personal Jurisdiction**

The "plaintiff bears the burden of demonstrating that [the defendant's] contacts with the forum state are sufficient to give the court in personam jurisdiction." *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 699 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)). These contacts must be shown "with reasonable particularity." *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

In response to a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the "plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion . . .." *Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d 576, 581 (D.N.J. 2015) (internal quotation omitted).

A federal court sitting in New Jersey has jurisdiction over the parties to the extent provided under New Jersey law. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); *see also* Fed. R. Civ. P. 4(k)(1)(A). New Jersey's long-arm statute provides jurisdiction co-extensive with the due process requirements of the United States Constitution. *Miller*, 384 F.3d at 96. "Due process requires that each

defendant have 'minimum contacts' with the forum state (in this case New Jersey) and that the Court's exercise of jurisdiction over the parties comports with 'traditional notions of fair play and substantial justice.'" *Benitez*, 97 F. Supp. 3d at 581 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  Minimum contacts can be analyzed under two distinct theories of personal jurisdiction:  general jurisdiction and specific jurisdiction.  *Metcalfe*, 566 F.3d at 330; *Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A.*, 962 F. Supp. 2d 723, 727-28 (D.N.J. 2013).

## II.     This Court Lacks General Jurisdiction Over Spinnaker Resorts, Inc.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317); *see also Isaacs v. Ariz. Bd. of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015).  A corporation may be "fairly regarded as at home" in a place equivalent to an individual's domicile.  *Goodyear*, 564 U.S. at 924.

"The Supreme Court confirmed the narrow applicability of the general jurisdiction doctrine in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)."  *Oliver v. Funai Corp.*, No. 14-cv-04532, 2015 WL 9304541, at *7 (D.N.J. Dec. 21, 2015) (Linares, J.).  "*Goodyear* made clear that only a limited set of affiliations with a

forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760; *BNSF Ry. Co. v. Tyrrell*, __ S. Ct. __, 2017 WL 2322834 at *9 (2017).   A foreign corporation's affiliations with the forum State must be "comparable to a domestic enterprise in that State." *Daimler*, 134 S. Ct. at 758 (citing *Goodyear*, 564 U.S. at 919).

"[T]he inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.'" *Id*. at 761.

> With respect to a corporation, the place of incorporation and principal place of business are "paradigm bases for general jurisdiction."  Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable.

*Id*. at 760 (citations omitted).  To go beyond these bases and "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business would be 'unacceptably grasping.'" *Id*. at 760-61 (citations omitted).

Spinnaker is not "at home" in New Jersey.  It is not incorporated in New Jersey; nor is its principal place of business here.  Spinnaker is not registered to do business in New Jersey and does not have a physical presence in New Jersey.  Even if Spinnaker conducted business in New Jersey, that would still not be enough to confer general jurisdiction. *Daimler*, 134 S. Ct. at 761 n.20 ("A corporation that

operates in many places can scarcely be deemed at home in all of them.  Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States.").

Because it cannot be said to be at home in New Jersey, this Court cannot assert general personal jurisdiction over Spinnaker.

## III.   This Court Lacks Specific Jurisdiction Over Spinnaker Resorts, Inc.

"Specific jurisdiction requires that the defendant 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'"  *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d. 371, 384 (D.N.J. 2016) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "Because the existence of specific jurisdiction depends on a link between the defendant's activity and the resulting harm, a specific jurisdiction analysis is necessarily claim specific."  *Erdman v. Union Pac. R.R.*, No. 15-5776, 2015 WL 7069659, at *4 (D.N.J. Nov. 13, 2015) (Linares, J.) (citing *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001)).

The minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation.  *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).  Specific jurisdiction exists only when the plaintiff establishes:  (1) the defendant purposefully directed its activities to the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) if these two requirements

are met, the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

A defendant must take some action to purposefully avail itself of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (plurality opinion) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Purposeful availment does not require the defendant to physically enter the forum, *Nicastro*, 564 U.S. at 882, but the defendant must deliberately target the forum with its actions.  *O'Connor*, 496 F.3d at 317.

Plaintiff claims that she registered her landline telephone number on the federal "Do Not Call" registry and that thereafter she received calls from telemarketers identifying themselves as calling from "Spinnaker Resorts."  Because Spinnaker did not make the telemarketing calls to Plaintiff alleged in her Complaint, or any telemarketing calls for that matter, Spinnaker did not purposefully direct any activities at Plaintiff or any other residents of New Jersey; nor did it deliberately target the New Jersey market (or any other forum).

- 13 -

Spinnaker is a real estate company with no employees.  It is not registered to do business in New Jersey and solicits no business there.  Purposeful availment is lacking and, necessarily, so, too, is specific jurisdiction.

## IV. This Court May Not Exercise Personal Jurisdiction Over Spinnaker Based on the Mere Existence of a Parent-Subsidiary Relationship.

The forum contacts of a subsidiary corporation are not imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership.  *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D.N.J. 2004) (Linares, J.); *see also Leo v. Kerr-McGee*, No. 93-1107, 1996 WL 254054, *5 (D.N.J. May 10, 1996) (quoting *Pfundstein v. Omnicom Group, Inc.*, 285 N.J. Super. 245, 252 (App. Div. 1995)); *State, Dep't of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 500 (1983).

This Court permitted Plaintiff to conduct jurisdictional discovery to explore a basis for jurisdiction under agency principles.  In a jurisdictional analysis, an agency relationship arises "when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent."  *Seltzer*, 339 F. Supp. 2d at 609 (quoting *Sears Mortgage Corp. v. Rose*, 134 N.J. 326, 337 (1993)).  In general terms, an agency relationship requires the master to control the time, manner, and method of executing the work, not just require that certain definite results occur in conformity with a contract.  *Id.*  In the corporate context, a subsidiary may be

- 14 -

considered to act as an agent of the parent if the subsidiary "is doing business in the forum that would otherwise have to be done in the forum by the parent." *Id.*

The plaintiff bears the burden of making a prima facie showing of an agency relationship conferring personal jurisdiction. *Quality Int'l Packaging, LTD v. Chamilia Inc.*, No. 13-5235, 2014 WL 2465262, *1, *3 (D.N.J. May 30, 2014).

Spinnaker does not control or direct the acts of the Resort Sales Companies. The Resort Sales Companies conduct all sales and telemarketing activities themselves or through contracts with third-party vendors that perform marketing and telemarketing services. (Matthews Supp. Decl., ¶ 7). Spinnaker does not control the day-to-day operations or management of the Resort Sales Companies. (*Id.*, ¶ 10). The Resort Sales Companies make all their own personnel, marketing, and management decisions. (*Id.*, ¶ 12). Plaintiff has not shown the necessary evidence of control to establish an agency relationship for jurisdiction.

Nor has Plaintiff established that the Resort Sales Companies are doing business in New Jersey that would otherwise have to be done in New Jersey by Spinnaker. Spinnaker is a real estate company that owns and sells time share property interests. (Matthews Decl., ¶ 7). Spinnaker engages the services of wholly-owned subsidiaries to market those property interests. (*Id.*). Spinnaker is not in the business of marketing or telemarketing. (*Id.*, ¶ 10).

- 15 -

The jurisdictional discovery conducted by Plaintiff revealed nothing more than the existence of a corporate relationship between Spinnaker and the Resort Sales Companies.  But a parent-subsidiary relationship alone has never been enough to establish jurisdiction via agency.  *Seltzer*, 339 F. Supp. 2d at 609.  Because Spinnaker does not direct or control the activities of the Resort Sales Companies, and because Spinnaker is not in the business of telemarketing in New Jersey, no agency relationship exists for this Court to exercise personal jurisdiction over Spinnaker.

## CONCLUSION

Because Plaintiff cannot meet her burden to establish general or specific jurisdiction, or an agency relationship between the parent and its subsidiaries, her Complaint should be dismissed.

Dated: June 9, 2017

Respectfully submitted,

*/s/ Steven F. Gooby*
Robert A. Assuncao
(robert.assuncao@ansalaw.com)
Steven F. Gooby
(steven.gooby@ansalaw.com)
**ANSA ASSUNCAO, LLP**
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816
T: (732) 993-9850

Attorneys for Defendant
Spinnaker Resorts, Inc.

- 16 -